# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 0 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPECIALIZED LOAN SERVICING, LLC;
and DOES 1 to 200, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GARRETT ANDERSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):*<br>**BC 7 1 8 3 4 7** |

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
CENTRAL DISTRICT - Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, California  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason N. Cirlin, Esq., SBN 230205;  Robert D. Goldberg, Esq., SBN 137356
KOLETSKY, MANCINI, FELDMAN & MORROW, (213) 427-2350
3460 Wilshire Boulevard, Eighth Floor, Los Angeles, California  90012

| DATE: AUG 2 0 2018 | SHERRI R. CARTER | Clerk, by | Glorietta Robinson | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Specialized Loan Servicing, LLC
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB
ceb.com

Essential
Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Jason N. Cirlin, Esq., SBN 230205
2  Robert D. Goldberg, Esq., SBN 137356
   KOLETSKY, MANCINI, FELDMAN & MORROW
3  3460 Wilshire Boulevard, Eighth Floor
   Los Angeles, California 90010
4  Tel: (213) 427-2350; Fax: (213) 427-2366
   Email: jcirlin@kmfm.com; rgoldberg@kmfm.com
5
6  Attorneys for Plaintiff,
   GARRETT ANDERSON
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 20 2018

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                 COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 GARRETT ANDERSON, an individual,          CASE NO.   BC 7 1 8 3 4 7

11           Plaintiff,                       COMPLAINT OF PLAINTIFF
                                             GARRETT ANDERSON FOR:
12     vs.
                                             (1)  BREACH OF THE IMPLIED
13 SPECIALIZED LOAN SERVICING, LLC;               COVENANT OF GOOD FAITH
   and DOES 1 to 200, inclusive,                  AND FAIR DEALING
14                                           (2)  VIOLATION OF REAL ESTATE
                                                  SETTLEMENT PROCEDURES
15                                                ACT 12 U.S.C. § 2601
           Defendants.                       (3)  VIOLATIONS OF CALIFORNIA
16                                                CIVIL CODE § 2937
17                                           (4)  NEGLIGENCE
                                             (5)  VIOLATION OF CAL. BUS. &
18                                                PROF. CODE § 17200
19                                           (6)  WRONGFUL FORECLOSURE
                                             (7)  PRELIMINARY AND
20                                                PERMANENT INJUNCTION
21                                           (8)  FOR MONEY HAD AND
                                                  RECEIVED
22                                           DEMAND FOR JURY TRIAL
23
24     Garrett Anderson, an individual ("Plaintiff"), alleges against defendants Specialized Loan

25 Servicing, LLC, a Delaware limited liability company ("Defendant"), and DOES 1 to 200,

26 inclusive, (collectively "Defendants") as follows:

27     1.      This is an action for general damages, special damages, punitive damages, and

28 injunctive relief against Defendants.

                                        -1-
                            COMPLAINT FOR DAMAGES

## THE PARTIES

2.     Plaintiff is an individual and a resident of Los Angeles County, California, with his principal place of business in the County of Los Angeles, California.

3.     This action concerns real property located in the County of Los Angeles and a promissory note dated July 6, 2006 that Plaintiff entered in exchange for a Home Equity Line of Credit loan from Ditech Financial upon the execution of a deed of trust filed with the Los Angeles County Recorder's Office, No. 06 1534848 ("the Loan"). The Loan was secured by the real property located at 8730 Lookout Mountain Avenue, in Los Angeles, California 90046 ("the Property"). The Loan was later purportedly transferred to Defendant without timely notice to Plaintiff. At all material times, Defendant failed to respond and communicate with Plaintiff regarding payments on the Loan that Defendant failed to credit and apply to the Loan – all of which are required in good faith and under law.

4.     Defendant, upon information and belief, is a Delaware limited liability company that now claims it owns or controls the loan secured by the Property.

5.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of those defendants sued fictitiously herein as DOES 1 through 100, inclusive. Therefore, Plaintiff sues these defendants by such fictitious names. When and if the identity of any DOE defendant is ascertained, Plaintiff will promptly seek leave of court to amend the complaint to allege the true identities and capacities of those defendants. Plaintiff is informed and believes, and on such basis alleges, that each of these fictitiously named defendants is responsible in some manner including, but not limited to, the manner set forth herein, for the acts alleged herein and that Plaintiff's damages and injuries as described herein were proximately caused by such defendants.

6.     Plaintiff is further informed and believes, and on that basis alleges, that at all relevant times Defendants were the authorized agents, representatives, employees, partners, members, joint venturers, principals, and/or agents of their co-Defendants, and that in doing the things alleged in this complaint were acting within the course and scope of that agency, representation, and/or employment.

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over Defendants, and each of them, because Plaintiff alleges upon information and belief that each resides, does business or owns property in Los Angeles County, California. Further, the Loan was made and the Deed of Trust recorded in Los Angeles County. Further, Defendant has purposefully availed itself of the marketplace in Los Angeles County, California, by servicing the Loan secured by the Property located in Los Angeles County, California.

8.      Venue is proper in this judicial district because, upon information and belief, the acts giving rise to the complaint occurred within this judicial district, and because Plaintiff is informed and believes, and on that basis alleges that each defendant did business in this judicial district at the time of the events giving rise to the Complaint. Further, the Property is located in this judicial district, and Plaintiff has suffered injury and loss in this judicial district.

**DEFENDANT'S ERRORS AND OMISSIONS**

9.      Plaintiff regularly makes two monthly payments of $350.00 on the Loan each month: one payment to cover the payment due plus extra for principal and a second principal-only payment.

10.     After Plaintiff made two July 2017 payments on the Loan, Ditech Financial returned the second July payment on August 21, 2017 without applying it to the Loan. Plaintiff was notified that the Loan account with Ditech Funding was closed. Plaintiff telephoned Ditech Financial and was informed that their loans were being serviced by Defendant.

11.     Plaintiff contacted Defendant by telephone and was provided upon his request with account information on the Loan according to Defendant. Plaintiff proceeded to make his regular two monthly Loan payments of $350.00 to Defendant beginning on August 28, 2017.

12.     In October of 2017, Defendant informed Plaintiff that outstanding payments were due from July 2017, although Plaintiff had timely tendered two payments of $350.00 to Ditech Financial on July 5 and July 19, 2017. Moreover, Defendant declined one payment of $350.00 on September 28, 2017, although it had accepted a series of other payments. Plaintiff's bank

-3-

1   informed Plaintiff that the Defendant had rejected one of the several payments to Defendant.

2   because Defendant could not determine to what account to apply the payment.

3       13.     In or about October 2017, Defendant served on Plaintiff a notice of default on the

4   Loan.

5       14.     Plaintiff repeatedly contacted Defendant by telephone to resolve the dispute, but

6   Defendant continued to insist that the account was in default.

7       15.     On November 2, 2017, Plaintiff filed a written complaint with the Consumer

8   Financial Protection Bureau ("CFPB"). Defendant did not provide a written response to the

9   complaint until November 29, 2017.  In its response, Defendant claimed that the servicing of the

10  account had transferred on July 31, 2017, that the payment for August 28, 2018 was overdue, and

11  that Defendant had not received any payments from Plaintiff which at that time totaled five,

12  although Plaintiff's bank confirmed that Defendant had accepted five of the six payments

13  electronically delivered.

14      16.     In its response to the CFPB, Defendant claimed that it had sent a Notice of

15  Servicing Transfer on August 14, 2017. Plaintiff did not receive any such notice. Defendant

16  claimed that it was attaching the Notice of Servicing Transfer, but no such document was

17  attached. Defendant further claimed that it had tried unsuccessfully to reach Plaintiff, however,

18  this statement is untrue.

19      17.     On or about December 12, 2017, Plaintiff wrote to Defendant at the email address

20  provided and attached his bank account summary and bank statements as proof of payment.

21  Plaintiff notified Defendant that payments submitted via the bank bill pay system may have

22  referenced an incorrect account number, but that all of the payments except one were still

23  processed. Plaintiff expressly notified SLS that he was authorizing them to speak with his

24  attorney Joel J Loquvam, if necessary. Defendant failed to respond at all to Plaintiff's

25  correspondence of December 12, 2017.

26  //

27  //

28  //

-4-

**COMPLAINT FOR DAMAGES**

18. On January 9, 2018, Plaintiff again wrote to Defendant and asked for a reply to his December 12, 2017 correspondence. Moreover, Plaintiff informed Defendant that his regularly monthly payments that he was making to Defendant were no longer being applied to the Loan.

19. On January 15, 2018, Plaintiff submitted another complaint to the CFPB, but Defendant responded that the matter was closed.

20. On January 26, 2018, Plaintiff again wrote to Defendant and asked for a status of Defendant's investigation into the dispute, and asked for a reply. Defendant failed to reply to Plaintiff's inquiry.

21. On February 8, 2018, Plaintiff's attorney wrote to Defendant in order to address Defendant's misconduct. Defendant was notified that Defendant continued to fail to apply payments that Plaintiff had made to the Loan, and that Defendant was no longer accepting any payments on the Loan. Counsel asked Defendant to contact him to resolve the matter. Defendant never responded to the February 8, 2018 correspondence.

22. To date, Defendant has received but has failed to apply to the Loan payments totaling $3,850.00.

23. Plaintiff attempted to make payment by mail using Defendant's payment coupons for the Loan. However, Defendant returned the payment to Plaintiff, and refused to apply the payment to the Loan.

24. Defendant continues to refuse to apply any payments Plaintiff has regularly been attempting to make on the Loan.

25. Defendant has reported the account on the Loan to credit bureau agencies. As a result, Plaintiff's credit rating has dropped markedly.

26. Defendant has applied late fees and finance charges to the Loan account without any basis or justification, and refuses to make any correction to the account.

27. Plaintiff has been notified that the Loan has been placed in foreclosure.

//

//

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(By Plaintiff against Defendants)**

28.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

29.    Implied in the promissory note and deed of trust on the Loan as a matter of law is the covenant of good faith and fair dealing. Under the covenant of good faith and fair dealing, lender and loan servicing company such as Defendant may not, through any act or omission, deprive Plaintiff of the benefits of the Loan. *See Ocean Services Corp. v. Ventura Port Dist.* (1993) 15 Cal.App.4th 1762.

30.    Plaintiff is the owner of the Property and entered into the Loan lawfully.

31.    Defendant interfered with the benefit to Plaintiff of the Loan by, among other things:

    (1)    Failing to credit Plaintiff's payments on the Loan;

    (2)    Failing to accept payments Plaintiff timely tendered on the Loan;

    (3)    Failing to timely communicate with Plaintiff regarding the Loan;

    (4)    Failing to timely notify Plaintiff of the transfer of the Loan;

    (5)    Failing to timely notify Plaintiff of foreclosure on the Loan;

    (6)    Taking action to foreclose on the Loan without any proper basis and after Plaintiff tendered adequate payments, and repeatedly informed Defendant of its multiple errors.

32.    As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing implied in the promissory note and deed of trust on the Loan, Plaintiff has been damaged by, including but not limited to, the marked reduction in Plaintiff's credit rating and loss of credit worthiness resulting in the inability to secure credit on favorable terms; the out-of-pocket expenses incurred dealing with Defendant's breaches; lost time and inconvenience resulting in actual pecuniary loss; late fees on the Loan; finance charges on the Loan; payments made on the Loan but not credited; threatened foreclosure; emotional distress,

1  mental anguish, and humiliation over concern that Plaintiff would lose his home and be

2  compelled to leave his residence; and attorneys' fees and litigation costs.

3

4  ### SECOND CAUSE OF ACTION

5  ### VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

6  ### (12 U.S.C. § 2601)

7  ### (By Plaintiff against Defendants)

8    33.    Plaintiff refers to and incorporates by reference all allegations contained in

9  preceding paragraphs of this Complaint as though set forth in full.

10    34.    Plaintiff is the owner of the Property who lawfully entered into the Loan secured

11  by the Property.

12    35.    Upon information and belief, Loan was a "federally related mortgage loan" as

13  referenced in 12 U.S.C. § 2605.

14    36.    Upon information and belief, Defendant was a "transferee servicer" of the Loan,

15  and therefore, pursuant to 12 U.S.C. § 2605, was required to notify Plaintiff in writing of the

16  assignment, sale, or transfer of the servicing of the Loan not more than 15 days after the effective

17  date of the transfer of the servicing of the Loan.

18    37.    Moreover, as the "transferee servicer" of the Loan pursuant to 12 U.S.C. § 2605,

19  Defendant was required to provide written responses acknowledging receipt of numerous

20  qualified written requests from Plaintiff for information relating to the servicing of the Loan

21  within 5 days.

22    38.    Moreover, as the "transferee servicer" of the Loan pursuant to 12 U.S.C. § 2605,

23  Defendant was required to within 30 days after the receipt from Plaintiff of his many qualified

24  written requests, to make appropriate corrections in the account of Plaintiff, including the

25  crediting of any late charges or penalties, and to transmit to Plaintiff a written notification of

26  such corrections, as well as providing the name and telephone number of the representative of

27  Defendant who could provide assistance to Plaintiff, and after conducting an investigation.

28  //

39.     In addition, at the very least, Defendant as the "transferee servicer" of the Loan pursuant to 12 U.S.C. § 2605, was required to within 30 days after the receipt from Plaintiff of the qualified written requests, to respond in writing to Plaintiff regarding Plaintiff's inquiry and provide a written explanation or clarification, as well as providing the name and telephone number of the representative of Defendant who could provide assistance to Plaintiff.

40.     In addition, Defendant as the "transferee servicer" of the Loan pursuant to 12 U.S.C. § 2605, was required to take timely action to respond to Plaintiff's numerous requests to correct errors relating to the allocation of payments, to avoid foreclosure, and other standard servicer's duties.

41.     In addition, Defendant as the "transferee servicer" of the Loan pursuant to 12 U.S.C. § 2605, was required to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out for the consumer protection purposes of the Real Estate Settlement Procedures Act.

42.     Finally, Defendant failed to timely or at all provide material disclosures to Plaintiff regarding the Loan, payments on the Loan, transfer of the Loan, and foreclosure on the Loan; investigate, respond to, and as appropriate, make corrections in response to complaints that Plaintiff had asserted relating to the Loan; provide information and documents in response to Plaintiff's requests for information with respect to the Loan; submit documents or filings required for a foreclosure process, including documents or filings required by a court, that reflect accurate and current information and that comply with applicable law.

43.     Defendant violated the requirements 12 U.S.C. § 2605 by: (1) failing to timely or at all to provide Plaintiff with any timely written notice of the assignment, sale, or transfer of the servicing of the Loan to Defendant; (2) failing to timely or at all to provide Plaintiff with any written response acknowledging receipt of any qualified written request from Plaintiff for information relating to the servicing of the Loan; (3) failing to timely or at all to make appropriate corrections in the account of Plaintiff, including the crediting of any late charges or penalties, and to transmit to Plaintiff a written notification of such corrections, including without limitation, the name and telephone number of the representative of Defendant who could provide

-8-

1    assistance to Defendant after the receipt from Plaintiff of his numerous qualified written

2    requests; (4) failing to timely or at all to respond in writing to Plaintiff regarding Plaintiff's

3    numerous inquiries and offering any meaningful explanation or clarification; (5) failing to

4    conduct any meaningful and proper investigation regarding Plaintiff's numerous qualified

5    written requests; (6) failing to correct errors relating to the allocation of payments, or to avoid

6    foreclosure, and other standard servicer's duties; (7) failing to timely or at all provide material

7    disclosures to Plaintiff regarding the Loan, payments on the Loan, transfer of the Loan, and

8    foreclosure on the Loan; (8) failing to comply with any other obligation found by the Bureau of

9    Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer

10   protection purposes of the Real Estate Settlement Procedures Act; and (9) commencing and

11   pursuing the foreclosure process on the Loan, and by submitting documents or filings that reflect

12   inaccurate, incomplete or false information regarding the payments and the account on the Loan

13   and that does not comply with applicable law.

14       44.    At all material times it was reasonably foreseeable that failing to comply with 12

15   U.S.C. § 2605 would cause harm and damages to Plaintiff.

16       45.    As a direct and proximate result of Defendants' violation of 12 U.S.C. § 2605 as

17   alleged herein, Plaintiff has suffered actual damages as follows: (1) the marked reduction in

18   Plaintiff's credit rating and loss of credit worthiness adversely impacting the favorable terms

19   under which Plaintiff may secure credit, including but not limited to, the re-financing of the

20   Loan; (2) out-of-pocket expenses incurred dealing with Defendant's violations; (3) lost time and

21   inconvenience resulting in actual pecuniary loss; (4) late fees on the Loan; (5) finance charges on

22   the Loan that have accrued; (6) emotional distress, mental anguish, and humiliation over concern

23   that Plaintiff would lose his home and be compelled to leave his residence; (7) additional interest

24   expense and higher running principal balance, and (8) the negligent commencement of a

25   foreclosure action.

26       46.    In addition, upon information and belief, Defendant has engaged in a pattern and

27   practice of noncompliance with the requirements of 12 U.S.C. § 2605, and therefore is subject to

28   a $2,000 statutory penalty.

47.     Pursuant to statute, Plaintiff is entitled to recover his attorneys' fees and litigation costs incurred in the successful prosecution of this action.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA CIVIL CODE § 2937

### (By Plaintiff against Defendants)

48.     Plaintiff refers to and incorporates by reference all allegations contained in preceding paragraphs of this Complaint as though set forth in full.

49.     Plaintiff is the owner of the Property who lawfully entered into the Loan secured by the Property.

50.     Pursuant to California Civil Code § 2937, before Plaintiff was obligated to make payments to Defendant who has purportedly assumed the obligation from another for the responsibility for servicing the Loan, Plaintiff had a right to receive timely written notice.

51.     Moreover, pursuant to California Civil Code § 2937, Defendant was obligated to provide written notice to Plaintiff that a new servicing agent had assumed responsibility over the Loan, and to accurately identify the amount due under the Loan.

52.     Defendant violated the requirements of California Civil Code § 2937, by failing to provide written notice of the sale, assignment or transfer of the Loan, and by demanding collection of payments before notice was provided.

53.     At all material times it was reasonably foreseeable that failing to comply with California Civil Code § 2937 would cause harm and damages to Plaintiff.

54.     As a direct and proximate result of Defendants' violation of California Civil Code § 2937 as alleged herein, Plaintiff has suffered actual damages as follows: (1) the marked reduction in Plaintiff's credit rating and loss of credit worthiness adversely impacting the favorable terms under which Plaintiff may secure credit, including but not limited to, the re-financing of the Loan; (2) out-of-pocket expenses incurred dealing with Defendant's violations; (3) lost time and inconvenience resulting in actual pecuniary loss; (4) late fees on the Loan; (5) finance charges on the Loan; (6) emotional distress, mental anguish, and humiliation over

-10-

concern that Plaintiff would lose his home and be compelled to leave his residence; (7) payments made on the Loan but not credited, and (8) the negligent commencement of foreclosure proceedings.

55.     Pursuant to statute, Plaintiff is entitled to recover his attorneys' fees and litigation costs incurred in the successful prosecution of this action.

### FOURTH CAUSE OF ACTION

### Negligence

### (By Plaintiff against Defendants)

56.     Plaintiff refers to and incorporates by reference all allegations contained in preceding paragraphs of this Complaint as though set forth in full.

57.     Defendants owed Plaintiff a duty of care to act reasonably by adhering to the standards provided by law as a servicer of loans, and to avoid harm to Plaintiff.

58.     As alleged in detail above, Defendants, in violation of standards for loan servicers, as provided by law, negligently, unreasonably, and carelessly operated, maintained, managed, and supervised the servicing of the Loan, causing actual damages, personal injuries, and losses to Plaintiff.

59.     Moreover, Defendants owed and owe a duty to Plaintiff not to make material misrepresentations about the status of Plaintiff's loan payments, handling of the Loan, the failure to accept Loan payments, crediting of Loan payments, or other material statements relating to the Loan.

60.     At all material times it was foreseeable that Plaintiff might be harmed by Defendants' inaccurate or untimely communication about status of Plaintiff's loan payments, handling of the Loan, the failure to accept Loan payments, crediting of Loan payments, or other material statements relating to the Loan.

61.     As a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount that will be proven at time of trial, including without limitation, (1) the marked reduction in Plaintiff's credit rating and loss of credit worthiness adversely impacting

-11-

1  the favorable terms under which Plaintiff may secure credit, including but not limited to, the re-

2  financing of the Loan; (2) out-of-pocket expenses incurred in dealing with Defendant's

3  violations; (3) lost time and inconvenience resulting in actual pecuniary loss; (4) late fees on the

4  Loan; (5) finance charges on the Loan; (6) emotional distress, mental anguish, and humiliation

5  over concern that Plaintiff would lose his home and be compelled to leave his residence; (7)

6  payments made on the Loan but not credited, and (8) the negligent commencement of

7  foreclosure proceedings.

8

9                              **FIFTH CAUSE OF ACTION**

10                     Violation of Cal. Bus. & Prof. Code § 17200

11                        (By Plaintiff against Defendants)

12        62.      Plaintiff refers to and incorporates by reference all allegations contained in

13  preceding paragraphs of this Complaint as though set forth in full.

14        63.      Defendants, and each of them, engaged in unfair, fraudulent, and unlawful

15  business practices resulting in losses to Plaintiff by the following misconduct.

16        64.      The UCL broadly prohibits unlawful, unfair, and fraudulent business acts.

17        65.      Defendants have engaged in a pattern and practice of violating 12 U.S.C. § 2605,

18  California Civil Code § 2937, and misrepresenting facts regarding the status of Plaintiff's loan

19  payments, handling of the Loan, the failure to accept Loan payments, crediting of Loan

20  payments, or other material statements relating to the Loan, and upon information and belief, the

21  loans of other borrowers in comparable circumstances as Plaintiff.

22        66.      The acts and omissions of Defendants were and are likely to deceive the general

23  public with regard to loans such as Plaintiff's, and therefore constitute unfair, deceptive,

24  Unlawful, and fraudulent business practices within the meaning of Business and Professions

25  Code § 17200, *et seq.*

26        67.      As a direct and proximate result of Defendants' acts and omissions, alleged

27  above, taken in violation of California Business & Professions Code § 17200, *et seq.*, Defendants

28  and each of them have gained an unfair advantage in their commercial activities, and pursuant to

1   the equitable powers of the Court, should be ordered to disgorge the unjust enrichments obtained

2   in violation of Business and Professions Code § 17200, *et seq.*

3       68.     Plaintiff further requests that Defendants, and each of them, and their agents and

4   employees, and all those acting in concert with them, be enjoined and restrained from further

5   violations of law, and from taking any further steps to foreclose on the Loan.

6

7                               **SIXTH CAUSE OF ACTION**

8                               **Wrongful Foreclosure**

9                               **(Plaintiff against Defendants)**

10      69.     Plaintiff refers to and incorporates by reference all allegations contained in

11  preceding paragraphs of this Complaint as though set forth in full.

12      70.     Defendants owed Plaintiff a duty of care to act reasonably by adhering to the

13  standards provided by law as a servicer of loans, and to avoid harm to Plaintiff.

14      71.     As alleged in detail above, Defendants, in violation of standards for loan

15  servicers, as provided by law, negligently, unreasonably, and carelessly operated, maintained,

16  managed, and supervised the servicing of the Loan, causing actual damages, personal injuries,

17  and losses to Plaintiff.

18      72.     Moreover, Defendants owed and owe a duty to Plaintiff not to make material

19  misrepresentations about the status of Plaintiff's loan payments, the handling of the Loan, the

20  failure to accept Loan payments, the crediting of Loan payments, or other material statements

21  relating to the Loan.

22      73.     At all material times it was foreseeable that Plaintiff might be harmed by

23  Defendants' inaccurate or untimely communication about the status of Plaintiff's loan payments,

24  the handling of the Loan, the failure to accept Loan payments, the crediting of Loan payments, or

25  other material statements relating to the Loan.

26      74.     As a direct and proximate result of the negligence of Defendants, Plaintiff has

27  been damaged in an amount that will be proven at time of trial, including without limitation, (1)

28  the marked reduction in Plaintiff's credit rating and loss of credit worthiness adversely impacting

                                    -13-

1   the favorable terms under which Plaintiff may secure credit, including but not limited to, the re-

2   financing of the Loan; (2) out-of-pocket expenses incurred in dealing with Defendants'

3   violations; (3) lost time and inconvenience resulting in actual pecuniary loss; (4) late fees on the

4   Loan; (5) finance charges on the Loan, (6) emotional distress, mental anguish, and humiliation

5   over concern that Plaintiff would lose his home and be compelled to leave his residence; (7)

6   payments made on the Loan but not credited, and (8) the negligent commencement of

7   foreclosure proceedings.

8        75.   Plaintiff further requests that Defendants, and each of them, and their agents and

9   employees, and all those acting in concert with them, be enjoined and restrained from further

10   violations of law, and from taking any further steps to foreclose on the Loan.

11       76.   Defendants' acts and omissions, as alleged, were committed with malice,

12   oppression, and fraud, and in conscious disregard for the rights of Plaintiff. At all relevant times,

13   Defendants authorized, consented to, and acquiesced in the conduct of its managing agents,

14   officers, and employees in engaging in the acts alleged herein. Pursuant to California Civil Code

15   § 3294, Plaintiff is entitled to recover from Defendants exemplary and punitive damages in an

16   amount to be determined at time of trial.

17

18                  **SEVENTH CAUSE OF ACTION**

19               **Preliminary and Permanent Injunction**

20               **(By Plaintiff against Defendants)**

21       77.   Plaintiff refers to and incorporates by reference all allegations contained in

22   preceding paragraphs of this Complaint as though set forth in full.

23       78.   Defendants, and each of them, have engaged in a pattern and practice of violation

24   of law and misrepresentation of fact that has placed Plaintiff in alleged default under the Loan.

25       79.   Plaintiff has demanded that Defendants cease and desist from such unlawful

26   activities, without effect.

27       80.   Defendants' wrongful conduct as alleged herein, unless and until enjoined and

28   restrained by Court order, will cause great and irreparable harm to Plaintiff in that Plaintiff will

1    suffer foreclosure of the Property, great emotional distress, embarrassment, humiliation, anxiety,
2    and loss of goodwill and reputation, among other things.

3          81.    Plaintiff has no adequate remedy at law for the harm being suffered or that are
4    likely to be suffered as a result of the wrongful conduct of Defendants, and each of them. It will
5    be impossible for Plaintiff to determine the precise or exact amount of damage that he will suffer
6    if Defendant's wrongful conduct is not restrained and enjoined. Plaintiff alleges that he has
7    already suffered damage in an amount to be proven at time of trial, and Plaintiff will request
8    leave of Court to amend this Complaint when such amounts are ascertained.

9          82.    Therefore, Plaintiff requests that the Court restrain and enjoin Defendants, and
10   each of them, jointly and severally, and their employees, agents, and all those persons acting in
11   concert and in participation with them, to be preliminarily and permanently restrained and
12   enjoined from taking any further steps on the foreclosure of the Property related to the Loan.

13         83.    Plaintiff is entitled to recovery his attorney's fees and reasonable costs of suit
14   against Defendants, pursuant to law.

15   .

16                          **EIGHTH CAUSE OF ACTION**

17                           **Money Had and Received**

18                      **(By Plaintiff against Defendants)**

19         84.    Plaintiff refers to and incorporates by reference all allegations contained in
20   preceding paragraphs of this Complaint as though set forth in full.

21         85.    Within the past two years, Defendants have received money from Plaintiff
22   without acknowledging or crediting these payments to Defendant's account on the Loan.

23         86.    Defendants have maintained possession of these payments without the
24   authorization or consent of Plaintiff.

25         87.    As a direct and proximate cause of the wrongful possession of Plaintiff's money,
26   Plaintiff has been damaged in an amount to be proven at time of trial.

27   //

28   //

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

1. For compensatory and consequential damages in an amount to be proven at time of trial;

2. For special damages in an amount to be proven at time of trial;

3. For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

4. For the removal of late fees and finance charges on the Loan account;

5. For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account;

6. For the recovery of reasonable attorneys' fees and litigation costs;

7. Prejudgment interest at the maximum legal rate allowed by law; and

8. For exemplary and punitive damages

### SECOND CAUSE OF ACTION

**Violation of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601**

1. For compensatory and consequential damages in an amount to be proven at time of trial;

2. For recovery of statutory damages;

3. For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

4. For the removal of late fees and finance charges on the Loan Account;

5. For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account;

6.   Prejudgment interest at the maximum legal rate allowed by law;

7.   For exemplary and punitive damages; and

8.   For the recovery of reasonable attorneys' fees and litigation costs.

## THIRD CAUSE OF ACTION

### Violations of California Civil Code § 2937

1.   For general damages in an amount to be proven at time of trial;

2.   For special damages in an amount to be proven at time of trial;

3.   For statutory penalties;

4.   For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

5.   For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account;

6.   For the removal of late fees and finance charges on the Loan Account;

7.   Prejudgment interest at the maximum legal rate allowed by law; and

8.   For the recovery of reasonable attorneys' fees and litigation costs.

## FOURTH CAUSE OF ACTION

### Negligence

1.   For general damages in an amount to be proven at time of trial;

2.   For special damages in an amount to be proven at time of trial;

3.   For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

4.   For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account;

5.   For the removal of late fees and finance charges on the Loan Account; and

6.   For prejudgment interest at the maximum legal rate allowed by law.

-17-

**COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

### Violation of Bus. & Prof Code § 17200

1. Disgorgement of profits;

2. For the removal of late fees and finance charges on the Loan Account;

3. For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

4. For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account; and

5. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees from taking steps to foreclose the Property.


## SIXTH CAUSE OF ACTION

### Wrongful Foreclosure

1. For general damages according to proof at trial;

2. For special damages according to proof at trial;

3. For the removal of late fees and finance charges on the Loan Account;

4. For retroactive application of principal payments at the time they were tendered, and for the reduction of interest incurred;

5. For a retraction notice to the applicable credit reporting bureaus regarding Plaintiff's account;

6. For the recovery of reasonable attorneys' fees and litigation costs;

7. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees from taking steps to foreclose the Property; and

8. For punitive and exemplary damages.

//

//

//

-18-

## SEVENTH CAUSE OF ACTION

### Preliminary and Permanent Injunction

1. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees from taking further steps to foreclose on the Property;

2. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees from rejecting timely payments tendered on the Loan;

3. For the recovery of reasonable attorneys' fees and litigation costs.

## EIGHTH CAUSE OF ACTION

### Money Had and Received

1. For return of payments in the amount of $2,096.00 that have not been credited to Plaintiff's account on the Loan, or for crediting the payments, and rescission of any late fees or interest applied on the Loan account; and

2. For prejudgment interest at the maximum legal rate allowed by law.

## ALL CAUSES OF ACTION

1. For costs of suit;

2. For post-judgment interest at the legal rate; and

3. For such other and further relief as the Court may deem just and proper.

Dated: August 20, 2018                KOLETSKY, MANCINI, FELDMAN & MORROW

By: _____

Jason N. Cirlin, Esq.
Robert D. Goldberg, Esq.
Attorneys for Plaintiff,
Garrett Anderson

-19-

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

3         Plaintiff, Garrett Anderson, hereby demands a jury trial on all causes of action asserted in

4    this Complaint.

5

6    Dated: August 20, 2018              KOLETSKY, MANCINI, FELDMAN & MORROW

7
                                         By:_____
8                                            Jason N. Cirlin, Esq.
                                             Robert D. Goldberg, Esq.
9                                            Attorneys for Plaintiff,
                                             Garrett Anderson
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE - IC | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 20 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Glorietta Robinson, Deputy |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>BC 7 1 8 3 4 7 |
|---|---|

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on ___AUG 20 2018_____
    (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By   G. ROBINSON _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

· The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER. |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

_____   ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

## STIPULATION – DISCOVERY RESOLUTION

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR PLAINTIFF)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR DEFENDANT)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR DEFENDANT)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR DEFENDANT)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR _____)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR _____)

Date:

_____ (TYPE OR PRINT NAME)     ➢ _____ (ATTORNEY FOR _____)

 

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**





| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

 

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR -** ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Mandatory Settlement Conference (MSC)

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

 

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason N. Cirlin, Esq., SBN 230205<br>Robert D. Goldberg, Esq., SBN 137356<br>KOLETSKY, MANCINI, FELDMAN & MORROW<br>3460 Wilshire Bl., 8th Fl, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 427-2350   FAX NO.: (213) 427-2366<br>ATTORNEY FOR *(Name):* GARRETT ANDERSON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California   90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME: ANDERSON v.
SPECIALIZED LOAN SERVICING, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 20, 2018

Robert D. Goldberg, Esq.
_____
(TYPE OR PRINT NAME)                              ►          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB® Essential Forms<br>ceb.com | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice-
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach-Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
        Case Matter
    Writ-Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

| SHORT TITLE: ANDERSON v. SPECIALIZED LOAN SERVICING, LLC, et al. | CASE NUMBER BC 7 1 8 3 4 7 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | ANDERSON v. SPECIALIZED LOAN SERVICING, LLC, et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | ②,6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ANDERSON v. SPECIALIZED LOAN SERVICING, LLC, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: ANDERSON v. SPECIALIZED LOAN SERVICING, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS:<br>8730 LOOKOUT MOUNTAIN AVENUE |
|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90046 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____CENTRAL_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 20 , 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint; a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

AUG 2 9 2018

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 24 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

1   **YU | MOHANDESI LLP**
    Pavel Ekmekchyan (SBN 223222)
2   213.985.2007 | pavel@yumollp.com
    **Neeru Jindal** (SBN 235082)
3   213.266.5459 | njindal@yumollp.com
    633 West Fifth Street, Suite 2800
4   Los Angeles, CA 90071
    213.377.5501 Facsimile
5
    Attorneys for Defendant
6   Specialized Loan Servicing LLC

7

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11      **FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

12

13   GARRETT ANDERSON, an individual,          Case No.: BC718347

14          Plaintiff,                         Assigned to the Hon. Daniel S. Murphy

15          v.                                 **DEFENDANT SPECIALIZED LOAN
                                               SERVICING LLC'S ANSWER TO
16   SPECIALIZED LOAN SERVICING LLC, ,          PLAINTIFF'S UNVERIFIED COMPLAINT**
     and DOES 1 to 200, inclusive.
17
            Defendants.
18

19

20                                              By Fax

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

## ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant Specialized Loan Servicing LLC ("SLS") hereby answer the unverified Complaint ("Complaint") of Plaintiff Garrett Anderson ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, SLS denies each and every allegation contained in the Complaint. SLS further denies that Plaintiff is entitled to any relief against SLS. In addition, SLS denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error or omission on the part of SLS, or any agent, employee or any other person acting under SLS's authority or control.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and laches.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff has suffered no actual damages and any damages claimed by Plaintiff in the Complaint are impermissibly speculative and cannot be recovered from SLS.

### SIXTH AFFIRMATIVE DEFENSE

6.      SLS expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions they complain of.

## EIGHTH AFFIRMATIVE DEFENSE

8.    SLS's conduct was privileged and/or justified.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Neither the Complaint, nor any cause of action thereof, states facts sufficient to support a claim or award of attorney's fees, under any legal or equitable theory.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution and/or comparative fault of each cause to the harm sustained.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by SLS.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by SLS.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    If Plaintiff prevails against SLS, SLS's liability is several and limited to its own actionable segment of fault, if any.

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's causes of action are uncertain, ambiguous, and unintelligible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims may be barred because he has not tendered the full amount of the undisputed loan amount due and owing.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's recovery, if any, is subject to a set-off.

### NINETEENTH  AFFIRMATIVE DEFENSE

19.      The injuries or damages of which Plaintiff complains may have been caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff, and not by SLS.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff would be unjustly enriched if allowed to recover under the causes of action in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred in whole or in part because Defendants at all times complied in good faith with all applicable statutes and regulations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Neither the Complaint, nor any cause of action thereof, states facts sufficient to constitute a cause of action for punitive damages against SLS.  Plaintiff's request for punitive damages in the prayer for relief is barred and invalid on its face or as applied to Defendants, or reduced by applicable law or statute.  Plaintiff's claims for punitive damages are improper to the extent they violate the due process protections afforded by the Fifth and Fourteenth Amendments of the United States Constitution and standards set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996), *TXO Prod. Corp.*

*v. Alliance Res., Inc.*, 509 U.S. 443 (1993), *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), and *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1171 (2005).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    SLS specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend their Answer and assert such defenses.

WHEREFORE, SLS pray for judgment as follows:

1.    That Plaintiff takes nothing by reason of the Complaint.

2.    For its costs of suit herein;

3.    For attorney's fees according to proof and to the extent available by law or contract; and

4.    For such other and further relief as this Court may deem just and proper.

DATED:  September 24, 2018

YU | MOHANDESI LLP

By_____
    Pavel Ekmekchyan
    Neeru Jindal
    Attorneys for Defendant
    Specialized Loan Servicing LLC

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Yu | Mohandesi LLP, 633 W. Fifth Street, Suite 2800, Los Angeles, CA 90071.  On September 24, 2018, the following document(s) were served by the method indicated below:

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

| | |
|---|---|
| | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  Service by fax was ordered by the Court.  The transmitting fax machine complies with Cal.R.Ct 2.301(3). |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
| | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
| | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
| | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
| | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

> **_Plaintiff's Counsel_**
> Jason N. Cirlin
> Robert D. Goldberg
> KOLETSKY, MANCINI, FELDMAN & MORROW
> 3460 Wilshire Blvd., 8th Floor
> Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on September 24, 2018, at Los Angeles County, California.

_____
Diana Woo