Jason N. Cirlin, Esq., SBN 230205
Robert D. Goldberg, Esq., SBN 137356
KOLETSKY, MANCINI, FELDMAN & MORROW
3460 Wilshire Boulevard, Eighth Floor
Los Angeles, California 90010
Tel: (213) 427-2350; Fax: (213) 427-2366
Email: jcirlin@kmfm.com; rgoldberg@kmfm.com

Attorneys for Plaintiff,
GARRETT ANDERSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GARRETT ANDERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, LLC; and DOES 1 to 200, inclusive,<br><br>Defendants. | **CASE NO. CV 18-08352-ODW(AGRx)**<br><br>[Assigned to Hon. Otis D. Wright, II United States District Judge]<br><br>**PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>[Memorandum of Points and Authorities in Support of *Ex-Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Why Preliminary Injunction Should Not Issue, Declaration of Garrett Anderson; Declaration of Joel Loquvam; Declaration of Robert Goldberg filed concurrently herewith; and [Proposed] Order Re: Ex-Parte Application for Temporary Restraining Order; and [Proposed] Order to Show Cause Re: Preliminary Injunction Should Not Issue lodged under separate cover]<br><br>Date Filed: August 20, 2018<br>Date Removed: September 27, 2018<br>Trial Date: October 29, 2019 |

-1-

**PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**
**CASE NO. 18-08352-ODW(AGRx)**

# APPLICATION FOR TEMPORARY RESTRAINING ORDER

### Relief Requested

1. Plaintiff, Garrett Anderson ("Plaintiff") hereby brings this application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue to enjoin Defendant Specialized Loan Servicing, LLC ("Defendant"), its agents, assigns, partners, employees and any individual or entity acting in concert with it from conducting a foreclosure sale and selling Plaintiff's Home located at 8730 Lookout Mountain Avenue, in Los Angeles, California 90046 ("the Home") before the case is tried on the merits where Plaintiff's home equity loan should never have been placed in default. Despite the fact that Plaintiff has made timely payments on his loan, Defendant has failed to credit these payments and improperly defaulted the loan. What is more, Plaintiff faces the imminent threat of the loss of his Home. Defendant has repeatedly scheduled the forced sale of the Home and has most recently postponed the February 22, 2019 foreclosure sale "by 30 days" after receiving notice of this application. *See* Declaration of Robert D. Goldberg ("Goldberg Decl") at Exhibits "3" to "7"; Goldberg Decl., at Paras. 10 and 11.

2. Like the Sword of Damocles, the foreclosure sale of the Home hangs over Plaintiff, to be executed upon Defendant's whim. *See Id.* Plaintiff's counsel has made consistent and repeated efforts to resolve this dispute without the need for court intervention, but has been repeatedly rebuffed. *See* Declaration of Robert D. Goldberg ("Goldberg Decl") at Exhibits "1" to "7" and Paras. 3 to 11.

//

//

**Likelihood of Success on the Merits**

3.  This application for temporary restraining order and order to show cause re injunctive relief is made on the grounds that the Defendant has breached its duties under the promissory note and deed of trust, and under the Real Estate Settlement Procedures Act (12 U.S.C. § 2601) ("RESPA"), and is subject to the Unfair Competition Law ("UCL") supporting injunctive relief by improperly defaulting Plaintiff's loan, and scheduling the foreclosure sale on the Home notwithstanding that Defendant has received timely payments from Plaintiff on the loan, Loan Number 1013870134, (hereinafter, "the Loan"), as demonstrated by the bank documents, but refused to credit these payments. *See* Exhibits "3" and "4" to Declaration of Garrett Anderson ("Anderson Decl."); Exhibit "1" to Joel Loquavam Declaration ("Loquovam Decl"); Exhibit "4" to Goldberg Decl.; *See* concurrently filed Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order, incorporated here by this reference, at pp. 14-17.

4.  Based upon the showing reflected in the supporting declarations of Garrett Anderson, Joel Loquvam and Robert Goldberg, and accompanying memorandum of points and authorities, Plaintiff has established that he is likely to prevail on the merits. Because the extreme hardship of being dispossessed of his Home, the threshold for demonstrating probability of success on the merits under the instant set of facts is relatively low. *Sun Microsystems, Inc. v. Microsoft Corp.,* 188 F.3d 1115, 1119 (9th Cir. 1999) ("Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown.'").

-3-
**PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE
CASE NO. 18-08352-ODW(AGRx)**

5. Plaintiff not only made timely payments to Defendant on the Loan, he actually made double payments each month as well. *See* Anderson Decl. at Paras. 7 and 9, and Exhibits "3" and "4"; Loquvam Decl. at Para. 4 and Exhibit "1": Goldberg Decl., at Exhibit "5". Despite repeatedly receiving bank records that establish the uncredited loan payments, Defendant has failed to apply the payments to the Loan or even properly investigate receipt of these payments in violation of RESPA. *See* Anderson Decl. at Para. 10. Plaintiff did not even learn that the servicing of the Loan had been transferred to Defendant as required by RESPA until after his second July payment to Ditech Financial was returned and he was told that his account with Ditech had closed. *See* Anderson Decl. at Paras. 8 and 9; 12 U.S.C. § 2605 (b)(1).

6. After learning that Defendant erroneously placed the Loan in default, beginning October 2017, Plaintiff repeatedly engaged Defendant over the telephone and in writing requesting that Defendant apply his payments. *See* Anderson Decl. at Paras. 10 to 19. Defendant failed to timely respond, and failed to perform a thorough investigation in violation of RESPA. *See* Anderson Decl. at Paras. 11 to 20; 12 U.S.C. § 2605 (e).

7. Notwithstanding Plaintiff's production of records demonstrating the payments to Defendant, Defendant failed to apply these payments to Plaintiff's Loan, defaulted him on the Loan and scheduled a foreclosure sale for December 17, 2018. *See* Anderson Decl. at Paras. 7 and 9, and Exhibits "3", "4" and "11"; Loquvam Decl at Para. 4; Goldberg Decl. at Exhibit "5". Now Plaintiff faces the imminent loss of the Home. *See* Goldberg Decl, at Para. 11 and Exhibit "7". A fuller presentation of the facts is set forth in Plaintiff's Memorandum of Points and Authorities in Support of Temporary Restraining Order.

**Imminent Threat of Irreparable Harm**

8.     Only after Plaintiff's counsel threatened to file for a temporary restraining order on the sale, did Defendant belatedly and voluntarily withdraw the foreclosure notice only to re-set the sale for February 22, 2019. *See* Declaration of Robert D. Goldberg ("Goldberg Decl") at Paras. 2 to 5 and Ex. "1" to "6". Despite the persistent demands of Plaintiff's attorneys that the February 22, 2019 foreclosure sale be vacated, to date, the foreclosure sale remained on calendar. *Id.* Finally, hours before Plaintiff was to file his application for temporary restraining order on February 15, 2019, defense counsel represented that the foreclosure sale date had been "postponed by 30 days at this time and will not be proceeding next Friday." *See* Goldberg Decl. at Exhibit "7". The foreclosure sale has now been rescheduled for March 22, 2019. *See* Exhibit "8" to Goldberg Decl.

9.     This Application for Temporary Restraining Order as set forth in the Proposed Order filed currently with this application and supported by the memorandum of points and authorities is made pursuant to Federal Rules of Civil Procedure, Rule 65 upon the grounds that the conduct described in this application and supporting declarations and sought to be enjoined, if allowed will cause immediate and irreparable injury to Plaintiff by resulting in the dispossession of Plaintiff's Home and the diminished value in his property.

10.     As the courts have previously recognized, the "loss of one's personal residence due to foreclosure constitutes irreparable injury. *See*, *Avila v. Stearns Lending, Inc.,* No. CV 08-0419-AG(CTx), 2008 U.S. Dist. LEXIS 31813, 2008 WL 1378231, *3 (C.D. Cal. Apr. 7, 2008) ("Plaintiffs cite many cases for the proposition that '[l]osing one's home through foreclosure is an irreparable injury.'

*See, e.g., Wrobel v. S.L. Pope & Associates*, [No. 07CV1591 IEG (BLM)], 2007 U.S. Dist. LEXIS 59779, 2007 WL 2345036, *1 (S.D. Cal. August 15, 2007). "The imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm." *Nichols v. Deutsche Bank Nat. Trust Co.*, [Civil No. 07cv2039-L(NLS)], 2007 U.S. Dist. LEXIS 86223, 2007 WL 4181111, *3 (S.D. Cal. Nov. 21, 2007); *Demarest v. Quick Loan Funding, Inc.*, 2009 U.S. Dist. LEXIS 120251, *33-34, 2009 WL 940377 ("'Losing one's home through foreclosure is an irreparable injury.'"); *Alcaraz v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1301 (E.D. Cal. 2009).

### Notice of Application for Temporary Restraining Order

11. Plaintiff's counsel has served a copy of this application and all supporting papers on Defendant's counsel *via* electronic transmission on February 21, 2019. *See* Goldberg Decl, at Para. 12. In accordance with Local Rule 7-19, the names, address, telephone number and email addresses of Defendant's counsel are attached at Appendix A to this application.

12. On February 15, 2019, at approximately 8:45 a.m., Plaintiff's counsel spoke with counsel for defendant, Neeru Jindal and notified her that Plaintiff would be filing his *ex parte* Application for Temporary Restraining order and Order to Show Cause Why Preliminary Injunction Should Not Issue by the end of the day. *See* Goldberg Decl. at Para. 10. Ms. Jindal stated that she did not expect the foreclosure sale to proceed on February 22, 2019 as scheduled, but was attempting to confirm with her client that this was in fact the case. Because she expected that the foreclosure sale would not proceed, she informed Plaintiff's counsel that Defendant would oppose the application for Temporary Restraining

Order as unnecessary. She represented that she would confirm in writing the status of the sale once she received the information from her client. *Id.* Plaintiff's counsel asked once more if Defendant would stipulate to the entry of a temporary restraining order, or stipulate between counsel that the foreclosure action would not proceed prior to trial. *Id.* Defense counsel again rejected this offer. *Id.*

13. At the eleventh hour, after receiving notice of the temporary restraining order, Defendant "postponed" the February 22, 2019 foreclosure "by 30 days." *Id.* at Para. 11; Exhibit "7" to Goldberg Decl. The foreclosure sale is now scheduled for March 22, 2019. *See* Exhibit "8" to Goldberg Decl. Because of the uncertainty, and because Mr. Anderson has been living with the prospect of imminently losing his home despite the fact that he has timely made his loan payments, Plaintiff is proceeding with the application for temporary restraining order. *Id.* at Para. 11.

14. It is difficult to understand why Defendant has forced Plaintiff to both file suit and bring this application for temporary restraining order, though Defendant has mistreated other borrowers similarly. *See* Exhibit "9" to Goldberg Decl. Defendant has yet to offer any evidence to refute Plaintiff's banking records indicating that specific payment transactions were completed. Defendant's Rule 26 Initial Disclosure statements are as thin and evasive as possible. *See* Exhibit "11" through "12" to Goldberg Decl.

**Conclusion**

15. If not enjoined, Defendant will proceed with the foreclosure sale of Plaintiff's Home within the next thirty days. Goldberg Decl. at Paras. 5 and 11.

-7-
**PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE
CASE NO. 18-08352-ODW(AGRx)**

The foreclosure sale of the Home will result in Plaintiff dispossession of his residence that he owns and the reduction in the value of the Home prior to sale. *See* Anderson Decl. at Para. 27. Plaintiff is greatly distressed over the prospect of losing his Home for no fault of his own. *Id.* The interest of justice will be best served by the entry of a Temporary Restraining Order.

Dated: February 21, 2019          KOLETSKY, MANCINI, FELDMAN & MORROW

                                               By: /s/ Jason N. Cirlin
                                                   Jason N. Cirlin, Esq.
                                                   Robert D. Goldberg, Esq.
                                                   Attorneys for Plaintiff,
                                                   Garrett Anderson

# APPENDIX "A"

Contact Information for *Attorneys for Defendant*, SPECIALIZED LOAN SERVICING LLC

Pavel Ekmekchyan, Esq.  pavel@yumollp.com
Neeru Jindal, Esq.  njindal@yumollp.com
YU MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
(213) 985-2007
(213) 266-5459
Fax (213) 377-5501

-9-

**PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE
CASE NO. 18-08352-ODW(AGRx)**

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2019, I electronically filed the foregoing **PLAINTIFF'S *EX-PARTE* APPLICATION FOR TEMPORARY RESTRAING ORDER AND ORDER TO SHOW CAUSE RE: WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** with the Clerk of the Court using the CM-ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                                     /s/ Jason N. Cirlin

                                                                       Jason N. Cirlin